IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J & J SPORTS PRODUCTIONS, INC.  :

    v.                     :   Civil Action No. DKC 15-1360

MI PATIO RESTAURANT, LLC  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving alleged violations of the Communications Act of 1934 is a motion for default judgment filed by Plaintiff J & J Sports Productions, Inc. ("Plaintiff"). (ECF No. 12). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be granted in part and denied in part.

**I.  Background**

On May 12, 2015, Plaintiff commenced this action against Defendant Mi Patio Restaurant, LLC ("Defendant" or the "establishment") alleging violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 (unauthorized reception of cable services) and 605 (unauthorized publication or use of communications), and the common law tort of conversion. (ECF No. 1). The complaint recites that Plaintiff "paid for and was thereafter granted the exclusive nationwide television

distribution rights to the *Floyd Mayweather, Jr. v. Robert Guerrero, WBC Welterweight Championship Fight Program*[,] which telecast nationwide on Saturday May 4, 2013, [(the "Broadcast")] (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event)." (*Id.* ¶ 8). Plaintiff then entered into sublicensing agreements with commercial establishments, such as bars and restaurants, which purchased the rights to exhibit the Program for their patrons. (*Id.* ¶ 9). Plaintiff alleges that, "[w]ith full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, . . . [Defendant] did unlawfully publish, divulge and exhibit the Program . . . willfully and for the purposes of direct or indirect commercial advantage or private financial gain." (*Id.* ¶ 11).

Service of process was effected on Defendant on May 20, 2015. (ECF No. 6). When Defendant failed to respond within the requisite time period, Plaintiff moved for entry of default. (ECF No. 8). The clerk entered default on August 25. (ECF No. 11). Plaintiff filed the pending motion for default judgment on September 29. (ECF No. 12). To date, Defendant has taken no action in the case.

**II. Standard of Review**

Under Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *Lawbaugh*, 359 F.Supp.2d at 422. Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages ... because the defendant could not reasonably have expected that his damages

3

would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (*citing United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

**III. Analysis**

Plaintiff seeks to enforce both "sections 605 and 553 of 47 U.S.C., which are provisions of the Federal Cable Act that address different modalities of so-called 'cable theft.'" *J & J Sports Prods., Inc. v. Mayreal II, LLC*, 849 F.Supp.2d 586, 588 (D.Md. 2012). Section 553 prohibits the unauthorized interception or receipt of certain cable communications, while section 605 proscribes the unauthorized interception or receipt of certain "radio" communications, including at least "digital satellite television transmission." *Id.* at 588 n.3. In its complaint, Plaintiff does not specify how Defendant intercepted the program, but that omission is not fatal. "The complaint need not specify the precise method of interception, as pleading in the alternative is permitted." *Joe Hand Promotions, Inc. v. Md. Food & Entm't, LLC*, Civ. No. CCB-11-3272, 2012 WL 5879127, at *4 (D.Md. Nov. 19, 2012). Instead, Plaintiff need only

allege, as it does here, that a business entity "intercepted and displayed the Program at its establishment, without authorization from [Plaintiff], on a particular date and at a particular time." *Id.* Taking those factual allegations as true, Plaintiff has established a violation of either § 553 or § 605.

In the complaint, Plaintiff seeks statutory damages of $100,000 related to the violation of § 605, $50,000 for the violation of § 553, and unspecified compensatory damages for the alleged conversion. (ECF No. 1). In the motion for default judgment, Plaintiff seeks the same amount of damages under §§ 605 and 553, plus $1,500 in compensatory damages on the conversion count. (ECF No. 12, at 2). Plaintiff cites to an unpublished opinion from the United States District Court for the Northern District of California in an attempt to show that "it is not unheard of for courts [] to award damages pursuant to both statutes." (ECF No. 12-2, at 5). As explained in numerous prior opinions from judges in this district, however, "[g]enerally [] plaintiffs cannot recover under both [§§ 605 and 553] for the same conduct and courts allow for recovery under § 605 as it provides for the greater recovery." *See, e.g.*, *J & J Sports Prods., Inc. v. Quattrocche*, Civ. Action No. WMN-09-CV-3420, 2010 WL 2302353, at *1 (D.Md. June 7, 2010) (*citing J & J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F.Supp.2d 469

(E.D.N.Y. 2009)). "Courts have similarly not allowed recovery for claims of conversion, as [such recovery] would not exceed [that] under §§ 553 or 605 and would result in double-recovery." *J & J Sports Prods., Inc. v. Castro Corp.*, Civ. Action No. 11-cv-00188-AW, 2011 WL 5244440, at *3 (D.Md. Nov. 1, 2011) (*citing J & J Sports Prods., Inc. v. J.R.'Z Neighborhood Sports Grille, Inc.*, No. 2:09-03141, 2010 WL 1838432, at *2 (D.S.C. 2010)). Accordingly, Plaintiff may recover, at most, $110,000, consisting of $10,000 in statutory damages, the maximum allowable under § 605(e)(3)(C)(i)(II), and $100,000 in enhanced damages, the maximum amount under § 605(e)(3)(C)(ii).

**A.   Statutory Damages**

As this court has previously explained, "statutory damages should approximate the amount the Plaintiff is out-of-pocket due to the violation. . . . [T]he statutory damages award that 'the court considers just,' 47 U.S.C. § 605(e)(3)(C)(i)(II), is an approximation of the damages actually incurred by Plaintiff due to Defendant's violation." *J & J Sports Prods. v. Mumford*, No. DKC-10-2967, 2012 WL 6093897, at *3 (D.Md. Dec. 6, 2012).

In support of its claim for statutory damages in this case, Plaintiff attaches the affidavit of Brian Stephens, a private investigator who observed the Broadcast on three televisions inside Mi Patio Restaurant on May 5, 2012 at approximately 12:06 a.m. (ECF No. 12-3). The investigator paid no cover charge to

enter the establishment and remained inside for approximately three minutes. Mr. Stephens estimated that the establishment's capacity was approximately 150 people, and he counted between 90 and 99 patrons at the establishment. The rate chart indicates that if Defendant had purchased a license, it would have paid $4,200 to exhibit the match in an establishment with a 150-person capacity. (*See* ECF No. 12-4). Accordingly, Plaintiff will be awarded statutory damages under § 605(e)(3)(C)(i)(II) in the amount of $4,200.[1]

**B.  Enhanced Damages**

Plaintiff also seeks enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), which authorizes "the court in its discretion . . . [to] increase the award of damages . . . by an amount of not more than $100,000 for each violation" of the provision. "In determining whether enhanced damages are warranted, other courts in this circuit have looked to several factors: 1) evidence of willfulness; 2) repeated violations over an extended period of time; 3) substantial unlawful monetary gain; 4) advertising the broadcast; and 5) charging an admission fee or

---

[1] In its motion, Plaintiff conflates the analysis for calculating statutory damages with the enhanced damages award. In particular, Plaintiff argues for the maximum statutory damages because "the most important factor in assessing damages is the deterrent effect of that award." (ECF No. 12-2, at 6). Deterrence of future violations, however, "is properly addressed by an enhanced damages award." *Mumford*, 2012 WL 6093897, at *3 (citing 47 U.S.C. § 605(e)(3)(C)(ii)).

charging premiums for food and drinks." *J & J Sports Prods., Inc. v. Royster*, Civ. No. RWT-11-1597, 2014 WL 992779, at *4 (D.Md. Mar. 13, 2014) (quoting *Quattrocche*, 2010 WL 2302353, at *2)).

Here, the fact that Defendant intercepted and exhibited the Broadcast willfully and for direct or indirect commercial advantage cannot be doubted. "After all, '[s]ignals do not descramble spontaneously, nor do televisions sets connect themselves to cable distribution systems.'" *J & J Sports Prods., Inc. v. Castro Corp.*, Civ. No. 11-188, 2011 WL 5244440, at *4 (D.Md. Nov. 1, 2011) (alteration in original) (*quoting Time Warner Cable v. Googuies Luncheonette, Inc.*, 77 F.Supp.2d 485, 490 (S.D.N.Y. 1999)). On the other hand, Defendant did not charge a cover fee, and there is no indication that Defendant engaged in such conduct before or after the incident or that it advertised the Broadcast.

"Where there are no allegations of repeat behavior or otherwise *egregious* willfulness warranting harsh punitive damages, courts in this Circuit have varied in awarding enhanced damages from no enhanced damages to up to five times the statutory damage amount." *Quattroche*, 2010 WL 2302353, at *3 (emphasis added). Although judges in this district sometimes award enhanced damages in factual and procedural circumstances similar to here, Judge Blake's recent analysis is persuasive:

> J & J has been on notice, at least since *Quattroche* – which merely codified past judicial practice – that in a case of non-egregious willfulness it was not eligible to recover the maximum damages authorized by statute and that it could not recover damages under section 553, section 605, and conversion for the same conduct. Undaunted, J & J "has repeatedly filed motions seeking excessive damages in nearly identical cases, and the court has consistently addressed the limitations on damages for the same causes of action brought here." *J & J Sports Prods., Inc. v. Sabor Latino Rest., Inc.*, Civ. No. PJM-13-3515, 2014 WL 2964477, at *2 (D.Md. June 27, 2014). *In light of this recalcitrance, the court declines to award any enhanced damages.*

*J & J Sports Prods., Inc. v. Rumors, Inc.*, No. CCB-14-2046, 2014 WL 6675646, at *4 (D.Md. Nov. 21, 2014) (emphasis added). Moreover, since *Rumors*, J & J has made several unsupported requests for the maximum amount of enhanced damages in this district. *See, e.g., J & J Sports Prods., Inc. v. El Rodeo Rest., LLC*, No. PJM-15-172, 2015 WL 3441995 (D.Md. May 26, 2015); *J & J Sports Prods., Inc. v. AKC Rest., Inc.*, No. DKC-14-2931, 2015 WL 1531279 (D.Md. Apr. 3, 2015). "It is troubling that J & J Sports Productions continues to proceed without regard to the many opinions written on this issue." *J & J Sports Prods., Inc. v. Sabor Latino Rest., Inc.*, No. PJM-13-3515, 2014 WL 2964477, at *2 (D.Md. June 27, 2014). The cases Plaintiff cites from other districts granting enhanced damages do not erase the repeated, clear direction that multiple judges

9

in this district have given Plaintiff regarding damages. Accordingly, no enhanced damages will be awarded.

## IV. Conclusion

For the foregoing reasons, the motion for default judgment filed by Plaintiff will be granted in part and denied in part. Judgment will be entered for Plaintiff in the amount of $4,200. A separate order will follow.

                                                                              /s/
DEBORAH K. CHASANOW
United States District Judge